UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS LOCAL 324
PENSION FUND, ET AL,

    Plaintiffs.

vs                                                    Case No: 06-10233
                                                    Honorable Victoria A. Roberts

IMPROVEMENT TECHNOLOGIES
COMPANY, ET AL,

    Defendants,
_____/

**ORDER DENYING DEFENDANT
JERI SAWALL'S MOTION TO DISMISS**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Jeri Sawall's Motion to Dismiss. This motion is denied.

**II.    BACKGROUND**

This action arises out of Defendants alleged failure to make employee benefit fund contributions in accordance with a collective bargaining agreement. Plaintiffs contend Defendant Jeri Sawall ("Sawall") breached her fiduciary duty to Plaintiffs.

**III.    STANDARD OF REVIEW**

"Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted). The court must construe the complaint in a light most favorable to the plaintiff, and accept all

1

of his factual allegations as true. *Id.* When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Id.*

## IV. APPLICABLE LAW AND ANALYSIS

Sawall claims Plaintiffs failed to state a claim upon which relief can be granted regarding whether she is a fiduciary. She seeks dismissal under FRCP 12(b)(6).

Under ERISA:

> (21)(A) Except as provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 USC §1002(21)(A).

Plaintiff's Complaint alleges Sawall is a principal owner and director of IT, responsible for its day-to-day operations and decisions with respect to payment of contributions to Plaintiff funds. [Complaint ¶3]. Plaintiffs further allege Sawall is an employer under ERISA and is obligated to make contributions. [Complaint ¶4]. Plaintiffs also allege Sawall is a fiduciary under ERISA based on her level of discretion and control with regard to employee benefit plans. [Complaint ¶21]. Additionally, Plaintiffs state that Sawall breached her duties as a fiduciary by failing to make contributions and permit an audit. [Complaint ¶22].

In her motion, Sawall claims she is a nominal officer and director and does not meet the statutory requirements of a fiduciary. She does admit that she gives advice

about the company to her son, Defendant Ryan Sawall. [Motion to Dismiss, p. 3].

Taking their allegations as true, Plaintiffs state a claim that Sawall is a fiduciary and that she breached her fiduciary duty.  Plaintiffs allegations are sufficient that if consistent facts are proven, relief may be granted.  *Bloch*, 156 F.3d at 677.

The Court does not consider the affidavit attached to Defendant Sawall's motion because consideration of matters outside the pleadings require the motion to be treated as one for summary judgment.  *See* Fed.R.Civ.P. 12(b).  Because discovery has yet to begin, the Court declines to treat the motion as such.

**V.   CONCLUSION**

For the foregoing reasons, Defendant Jeri Sawall's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

                                             /s/ Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Judge

Dated:  March 3, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 3, 2006.
>
> s/Linda Vertriest
> Deputy Clerk